State v. Baker.

---

## THE STATE OF NEVADA, RESPONDENT, v. DANIEL BAKER et als., APPELLANTS.

CRIMINAL PRACTICE—TIME OF SETTLEMENT OF BILL OF EXCEPTIONS. Section 423 of the Criminal Practice Act, requiring bills of exception to be settled, signed and filed within ten days after trial, is directory; but if not so settled and signed within the time prescribed, some reasonable excuse should be given for the delay.

APPEAL—PAPERS NOT NOTICED UNLESS PART OF RECORD. The Supreme Court will not, on appeal in a criminal case, notice an affidavit made in the court below, unless it be embodied in a bill of exceptions or a statement properly certified.

REFUSAL TO SETTLE EXCEPTIONS TO BE PROPERLY EXCEPTED TO. Where a motion to settle a bill of exceptions in a criminal case was refused on the ground that it was not presented in time and that the affidavit on the motion did not show sufficient excuse for the delay; and on appeal there was no bill of exceptions or statement embodying such affidavit: Held, that the Supreme Court could not regard the affidavit or consider whether it showed sufficient excuse or not.

CLERK'S MINUTES OF PEREMPTORY CHALLENGES NOT PARTS OF RECORD. The Criminal Practice Act does not require the clerk to make any minutes of peremptory challenges; and if he does make such minutes, they will not be considered as parts of the record or reviewed on appeal, without a bill of exceptions.

APPEAL from the District Court of the Ninth Judicial District, Elko County.

This was a prosecution for the crime of robbery, alleged to have been committed by robbing J. N. Johnson on November 5, 1870, in Elko County, of $2992 50, the property of Wells, Fargo & Co. There were four persons charged in the indictment: Daniel Baker, Leander Morton, Daniel Taylor, and George Lee. Baker, Morton and Taylor were tried together in January, 1871; convicted as charged, and sentenced to imprisonment in the State prison for the term of thirty years. The document purporting to be a transcript on appeal contained copies of various minute entries and, among other things, copies of a notice of motion to settle a bill of exceptions, which was refused, and of the affidavit upon which such motion was founded, but no bill of exceptions or statement of any kind.

The minute entries stated in detail that defendants had peremptorily challenged five jurors, giving their names, and proceeded: "Attorney for defendants then peremptorily challenged W. A. Kindred, which was overruled by the court on the ground that the defendants had exhausted their challenges, no more challenges being allowed for defendants. Attorney for the defendants excepted to the ruling."

The affidavit on motion to settle the bill of exceptions was that of one of defendants' attorneys, giving as an excuse for not presenting the bill for settlement within ten days after trial that he had been compelled to be absent and to leave the matter of such exceptions in the hands of his associate; that such associate had neglected it, and that defendants themselves had been informed and supposed that every thing necessary had been done.

The appeal was from the judgment, and was instituted by and on behalf of defendant Daniel Taylor alone.

*Ellis & King,* for Appellant.

I. The court below erred in refusing to sign and settle the bill of exceptions tendered by appellant. Section 423 of the Criminal Practice Act, requiring the bill of exceptions to be settled, signed, and filed within ten days after trial of the cause, is purely directory; and where sufficient

excuse exists and is shown for the failure to do so, the bill should be signed. *People* v. *Lee,* 14 Cal. 510; *People* v. *White,* 34 Cal. 183; *People* v. *Kahl,* 18 Cal. 432; *People* v. *Woppner,* 14 Cal. 437. The affidavit shows sufficient excuse.

II.   The record to be made up in all criminal cases upon conviction had, is required to include "a copy of the minutes of any challenge which may have [been] interposed to the panel of the trial jury, or to an individual juror, and the proceedings thereon." Crim. Pr. Act, Sec. 451. The record here shows that four or not to exceed five peremptory challenges were permitted or exercised by defendants. The correctness of the record is presumed upon both principle and authority.

As now the copy of the minutes must show *any* challenge interposed to a juror and the proceedings thereon, so it must show *every* challenge; and as what is embraced in this record in the way of copy of minutes is required to be a copy of the original minutes, the presumption in favor of the regularity and correctness of the record and of the proceedings of the clerk, has the effect of showing that the original minutes state any and every challenge exercised by and allowed to defendants. Where only four, or at most five, peremptory challenges are thus shown by the record to have been used or allowed, this court will presume that the others, if any, belonging to the party, were not used or allowed. *Fleeson* v. *Savage,* 3 Nev. 157. We therefore claim that it is conclusively shown from the record that defendants exercised and were allowed to use five peremptory challenges and no more; that they interposed an additional one to a juror, who afterwards served upon the jury, and that the same was overruled and denied.

III.   Defendants having been indicted and tried for the crime of robbery, the punishment of which may extend to imprisonment in the State prison for life, were entitled to ten peremptory challenges. Stats. 1864–5, 404; *Dull* v. *The People,* 4 Denio, 91.

*L. A. Buckner*, Attorney General, for Respondent.

I.   Although section 423 of the Criminal Practice Act is only directory to the judge, the defendant must prepare his bill and tender it within the time designated in the statute or such additional time as may have been granted to him by a judge. *People* v. *Lee*, 14 Cal. 510.

II.   But the foregoing question is not necessary to be considered here for the reason that there is no bill of exceptions, none having ever been settled or signed by the judge. There is no appeal from the order of the judge refusing to sign the bill, nor anything in the record of which the court can take notice.

III.   The proceedings on a peremptory challenge are oral and no where in the code required to be placed in the minutes of the court. If, therefore, the clerk does put such proceedings in the minutes he does not thereby make them a part of the record. Nor can they be made record in any other way than that pointed out by the code, namely, a bill of exceptions. The case is precisely analagous to that where, in a civil case, the clerk spreads the evidence on his minutes, yet it has frequently been decided it does not make it a part of the judgment roll. *Dawley* v. *Hovious*, 23 Cal. 103. Not being a part of the record they will not be reviewed by the court. *Sharp* v. *Daughney*, 33 Cal. 505.

IV.   Challenges are of two kinds to an individual trial juror; first, peremptory; second, for cause. Both may be oral, but the challenge for cause "must be entered on the minutes of the court," (Criminal Pr. Act, Sec. 342,) and thereby becomes a part of the record. Not so the peremptory challenge. No reason for that need be alleged. The mention of the necessity for spreading the challenge for cause on the minutes, and the statement that the peremptory challenge may be oral and is not required by the code to be put on the minutes excludes the idea that it is required to be put in the minutes.

V.   How many peremptory challenges a defendant on trial for robbery in this State is entitled to interpose, is a ques-

State v. Baker.

tion of law and may in a proper case be determined by the court; but how many the appellant interposed on his trial is a question of fact, of which this court can only learn by a bill of exceptions.

VI.    The district court is a court of record, and the presumption is that defendant used all the peremptory challenges he was entitled to, if he desired to do so, until he shows from the record affirmatively that he did not and that he was prejudiced thereby.

By the Court, LEWIS, C. J.:

The errors relied on by the defendants in this case can not be considered by this court for the reason that there is no record which can be looked into properly bringing them up.

The statute, section 423 of the Criminal Practice Act, makes it necessary that bills of exceptions be settled and signed by the judge and filed with the clerk of the court within ten days after the trial of the case, unless further time be granted by the judge who presided at the trial, or one of the judges of the supreme court.   This section, it is true, has been held to be directory, and correctly so; but if not so settled and signed within the time some reasonable excuse should be given for the delay.   So it is held under a similar statute.   *People* v. *Lee*, 14 Cal. 370.   Where there is a good reason or excuse for the delay or failure in preparing and presenting the bill for settlement, the showing should be made to the court below, and the judge should be liberal in securing to the accused in such case all the advantages which the law awards to him.   In this case the court below denied the application to settle the bill after the expiration of the proper time, giving as a reason therefor that no sufficient cause had been shown or excuse given for the delay.   What the excuse was we are not permitted to determine, for the affidavit made in support of the motion is not so brought to this court as to enable us to look into it.   An affidavit, it is true, appears among the papers

brought up, but there is nothing in the record to identify it as being the one upon which the motion was made, or showing that it was ever used for that purpose. It comes to this court as a detached paper. It is not embodied in or made a part of what is claimed to be the bill of exceptions, or in a statement of any kind. We know of no way by which an affidavit made in a criminal case can be brought to the attention of this court from the court of *nisi prius*, except by embodying it in a bill of exceptions or a statement properly certified. How is this court to know that the affidavit in question was the one presented to the court below, or that the motion to settle the bill of exceptions was made upon it? We have no evidence of that fact of the character required by the statute. Hence, as the court below refused to settle the bill upon the ground that no sufficient excuse was offered for the delay, and we can not look into the affidavit presenting it to determine whether it was sufficient or not, there is no alternative but to affirm the action of the court below.

But it is argued, the minutes show the error complained of, and as they are made a part of the record they should be reviewed by this court without a bill of exceptions. The minutes, as a matter of fact, do not show the error unless it can be presumed by this court that the clerk made minutes of that which the statute does not require to be so noted. It is undoubtedly true that if the law required the clerk to make minutes of the peremptory challenges and of the proceedings had thereon, it would be a presumption which should control this court that he had fully performed his duty; and therefore if his minutes showed the exercise of only five peremptory challenges by the defendants, and the refusal of the court to allow more when as was the case here they were entitled to ten, the error would be sufficiently shown. But the statute does not require the clerk to make any minutes of the peremptory challenges; on the contrary, as he is expressly required to enter other challenges together with the proceedings had thereon upon the minutes, (Sections 181, 182, 325, 328, 342) the inference is

that no minute is required to be made of the peremptory challenges, upon the rule that the expression of one thing excludes all others. Now, if these minutes expressly stated that only five peremptory challenges were exercised by the defendants and that the court refused to allow any more, this would not be a sufficient showing of error to authorize this court to consider it, because the minutes so made would be entirely gratuitous on the part of the clerk, unauthorized by statute, and therefore could not be considered as a part of the record to be reviewed by this court without bill of exceptions.

Minutes of challenges not directed by statute to be made are no more a part of the record to be brought to this court than a minute of any other fact or proceeding in court not required to be entered on the minutes. But these minutes show only by inference that the court denied the defendants the right of ten peremptory challenges—that is, they show that they exercised five, but they do not expressly state that no more were allowed.

The judgment must be affirmed.