[No. 2422]

## IN THE MATTER OF THE APPLICATION OF Y. ARASCADA FOR A WRIT OF HABEAS CORPUS.

[189 Pac. 619]

1. CRIMINAL LAW—DISTRICT COURT, AND NOT JUSTICE COURT, HAS JURISDICTION TO TRY VIOLATION OF PROHIBITION STATUTE.

In view of Rev. Laws, 4851, district court, and not the justice court, had jurisdiction to try one charged with misdemeanor of violating the prohibition statute, section 3 whereof provides for fine of $100 to $1,000 and imprisonment in county jail for from two to twelve months.

2. STATUTES—"EXPRESSIO UNIUS EST EXCLUSIO ALTERIUS."

The enumeration of certain cases in a statute is an exclusion of all cases not mentioned, under the rule of construction, "*Expressio unius est exclusio alterius.*"

3. CRIMINAL LAW—PROHIBITION STATUTE VOID IN SO FAR AS CONFERRING CONCURRENT JURISDICTION ON JUSTICE AND DISTRICT COURTS.

Prohibition act, sec. 28, undertaking to confer concurrent jurisdiction of the misdemeanors of first offenses under the act on justices of the peace and the district courts, violates Const. art. 6, sec. 8, and is void to such extent.

4. STATUTES — INVALIDITY OF PORTION DOES NOT AFFECT OTHER PORTIONS NOT DEPENDENT.

Adjudging a certain portion of a statute unconstitutional does not affect any other portion, except so much thereof as is dependent on the portion declared void.

5. STATUTES—SECTIONS OF PROHIBITION STATUTE NOT AFFECTED BY UNCONSTITUTIONALITY OF OTHER SECTION.

The invalidity of prohibition act, sec. 28, undertaking to confer concurrent jurisdiction of the misdemeanors of first offenses under the act on justices of the peace and the district courts, which is violative of Const. art. 6, sec. 8, does not affect section 3, of the act, conferring jurisdiction on the district court, or sections 9 and 10, providing for a preliminary hearing before a justice.

ORIGINAL PROCEEDING. In the matter of the application of Y. Arascada for writ of habeas corpus. **Petition dismissed, and petitioner remanded to custody.**

*Campbell, Robins & Salter,* for Petitioner:

The district court had no jurisdiction under the prohibition act to try petitioner for the offense charged, and therefore its judgment is void. Under the constitution, the legislature had no power to place concurrent

jurisdiction in the justice court and the district court over an offense arising under the act. The act places jurisdiction over first offenses in the justice court; hence the power of the legislature to limit or qualify that jurisdiction in the same act is exhausted, as the constitution gives to the district courts jurisdiction "in all criminal cases not otherwise provided by law." Const. Nev., art 6, sec. 6. Concurrent jurisdiction in the two courts can exist only in certain mechanics-lien cases and cases in unlawful detainer. The statement of these two instances constitutes an exclusion of all others in which concurrent jurisdiction may be provided by the legislature. Const. Nev., art. 6, sec. 8. The constitution does not permit the legislature to confer concurrent jurisdiction in any other cases than those enumerated in the constitution. The same general rules which govern in the construction of statutes govern courts in construing constitutions. State v. Arrington, 18 Nev. 412; State v. Imel, 146 S. W. 783; Hodges v. Daudy, 149 S. W. 656; Mugge v. Warnell, 50 South. 645. In the construction of statutes and constitutions, the statement of one thing is the exclusion of all others. "If the constitution prescribes one method of filling an office, the legislature cannot adopt some other." State v. Arrington, supra; Page v. Allen, 98 Am. Dec. 272; Gouger v. Timberlake, 46 N. E. 338; W. U. T. Co. v. R. R. Comm., 45 South. 598; People v. Church, 49 N. E. 162.

Even were there no provision in the constitution concerning cases in which concurrent jurisdiction may be conferred, under article 6, section 6, the legislature would be prohibited from conferring such jurisdiction, the same being "otherwise provided by law." Green v. Superior Court, 21 Pac. 307; State v. Myers, 28 Pac. 650; People v. Fortsh, 110 Pac. 624.

The intention of the legislature must be gathered from a reading of the entire act and a consideration of the ends to be accomplished. In passing the prohibition act,

the legislature intended to make a clear and definite distinction between the punishment for first offenses and that for subsequent breaches of the law, and obviously placed jurisdiction of first offenses in the justice court. Concurrent jurisdiction being impossible under our constitution, there was no jurisdiction in the district court to try petitioner for the offense charged, and the writ of habeas corpus should issue to prevent his unlawful incarceration.

*Thomas E. Powell,* District Attorney, for Respondent:

The only question necessary to be decided is as to whether the phrase "concurrent jurisdiction" can be construed to mean "exclusive jurisdiction."

If the district court and the justice court can have concurrent jurisdiction in criminal matters, trial of petitioner in the district court was the correct procedure. If they cannot have such jurisdiction, the district court has exclusive jurisdiction, as there is no attempt in the statute to confer other than concurrent jurisdiction on the justice court; and if the statute fails to do that, it confers nothing, and leaves exclusive jurisdiction in the district court. If section 28 of the prohibition act, conferring concurrent jurisdiction on justice courts, violates the fourteenth amendment to the constitution of the United States, and is therefore void, the jurisdiction is in the district courts, said section being the only one that assumes to confer jurisdiction on justice courts; and if said section violates neither the state nor the federal constitution, the district courts have jurisdiction concurrent with the justice courts for the trial of first offenses, and the proper procedure has been followed in the trial of petitioner.

Can the district courts, in view of section 8, article 6, of the state constitution, if authorized by statute, exercise concurrent jurisdiction in criminal matters? If, in view of said section, jurisdiction under the prohibition act cannot be concurrent in the district court and the

justice court, in which thereof is it placed? The section provides that "justice courts shall have such criminal jurisdiction as may be prescribed by law." This language is as broad as it could be made; has no qualification nor limitation; it says they shall have such criminal jurisdiction, exclusive or concurrent, as the legislature may see fit to confer. The enumeration in section 6, article 6, of the state constitution, of the particular instances in which the legislature may confer concurrent jurisdiction, does not limit the power to confer concurrent jurisdiction. The maxim, *Expressio unius est exclusio alterius,* is not applicable. "The true statement of the rule is that the maxim, like all rules of construction, is applicable under certain conditions to determine the intention of the lawmaker when it is not otherwise manifest." Lewis, Stat. Constr., 2d ed., secs. 491, 495; Curtis v. McCullough, 3 Nev. 202.

The legislature has the power, under the constitution, to confer concurrent jurisdiction. Ex Parte Dolan, 128 Cal. 460; Adams v. Superior Court, 168 Pac. 641; In Re Carrillo, 66 Cal. 3; Ex Parte Yee Kim Mah, 31 Cal. App. 196.

By the Court, Coleman, C. J.:

Petitioner has applied for a writ of habeas corpus, to be discharged from the custody of the sheriff of Humboldt County under a commitment issued out of the district court upon a conviction and sentence to the county jail for violating the prohibition statute (Stats. 1919, p. 1).

By the act in question it is provided that a person shall be deemed guilty of a misdemeanor for a first offense. It is conceded by the state that the offense charged against the petitioner, and under which he was convicted, is his first offense.

Three grounds are urged as reasons for petitioner's discharge: First, that the district court has no jurisdiction over misdemeanors generally; second, that the

act in question is in violation of the fourteenth amendment to the constitution of the United States; and, third, that so much of section 28 of the act as purports to confer concurrent jurisdiction upon justices of the peace and the district court is void.

As to the first two grounds stated, the questions raised have been this day decided adversely to petitioner's contention (In Re McGee, 44 Nev. 23), and we do not deem it necessary to restate our views as to them.

1. As to the third ground urged in behalf of petitioner, it is said that the general spirit of the act is that justice courts shall have jurisdiction over first offenses, and that the portion of section 28 which purports to confer concurrent jurisdiction upon justice and district courts is in violation of section 8, article 6, of our constitution, and null and void, and hence the proceeding in the district court wherein petitioner was convicted is a nullity. Section 3 of the act in question, after providing that first offenders shall be deemed guilty of a misdemeanor, provides that persons convicted of such crime may be fined not less than $100 nor more than $1,000, and imprisoned in jail not less than two nor more than twelve months. While the first offense is designated as a misdemeanor by the statute, the justice court does not acquire jurisdiction under the section mentioned, because the penalty may be in excess of that provided in the general statute (Rev. Laws, 4851), as pointed out in the McGee case, supra, and hence the district court has jurisdiction under that section. The only other section of the act which purports to confer jurisdiction upon the justice court of first offenders is the portion of section 28 which is assailed as being unconstitutional, null, and void.

2. Section 8 of article 6 of the constitution provides that the legislature many confer upon the justice courts and the district courts concurrent jurisdiction over certain enumerated cases, but a misdemeanor is not one of them, and it is urged that the enumeration of certain cases over which the legislature may confer concurrent

jurisdiction upon the courts mentioned is an exclusion of all cases not mentioned, in harmony with the maxim, *"Expressio unius est exclusio alterius."* This is a well-recognized rule of statutory construction and one based upon the very soundest of reasoning; for it is fair to assume that, when the legislature enumerates certain instances in which an act or thing may be done, or when certain privileges may be enjoyed, it names all that it contemplates; otherwise what is the necessity of specifying any? The rule invoked is 'so thoroughly recognized, not only by the courts generally, but by our own court, that it would be puerile to dwell upon the question presented, further than to quote from the decisions of our own court. The identical question before us was determined by this court in Lake v. Lake, 17 Nev. 230, 30 Pac. 880, when it said:

"It is settled that affirmative words in a constitution, that courts shall have the jurisdiction stated, naturally include a negative that they shall have no other."

The language of Beatty, C. J., in State v. Hallock, 14 Nev. 202, 33 Am. Rep. 559, might have been used with propriety had the question now before us been under consideration by the court. He said:

"It is true that the constitution does not expressly inhibit the power which the legislature has assumed to exercise, but an express inhibition is not necessary. The affirmation of a distinct policy upon any specific point in a state constitution implies the negation of any power in the legislature to establish a different policy. 'Every positive direction contains an implication against anything contrary to it which would frustrate or disappoint the purpose of that provision. The frame of the government, the grant of legislative power itself, the organization of the executive authority, the erection of the principal courts of justice, create implied limitations upon the lawmaking authority as strong as though a negative was expressed in each instance.' People v. Draper, 15 N. Y. 544. The presumption is always that positive provisions of a constitution are mandatory

and not merely directory (Cooley's Const. Lim. 78, 79), and there is nothing to overthrow this presumption with respect to the provisions under discussion."

In State v. Arrington, 18 Nev. 412, 4 Pac. 735, the court said:

"But, in seeking for limitations and restrictions, we must not confine ourselves to express prohibitions. Negative words are not indispensable in the creation of limitations to legislative power, and, if the constitution prescribes one method of filling an office, the legislature cannot adopt another."

To the same effect: In Re Bailey's Estate, 31 Nev. 377, 103 Pac. 232, Ann. Cas. 1912A, 743; Leake v. Blasdel, 6 Nev. 40; 25 R. C. L. 981; 26 Cyc. 1122.

3. Applying this rule of construction to the portion of section 28 in question, it is very clear that the lawmaking power of the state cannot confer concurrent jurisdiction upon the justice courts and the district courts over misdemeanors, and that so much of the statute as purports to do so is null and void, as contended.

4, 5. But the declaring of the portion of the act in question void does not entitle the petitioner to the writ sought, because the adjudging of a certain portion of a statute to be unconstitutional does not affect any other portion, save and except so much thereof as is dependent upon that portion which is declared null and void, and the effect of our holding is simply to abrogate that portion of the statute whereby it was sought to give offenders the benefit of a trial before the tribunal which is closest to the people, but in no way affects section 3 of the statute, which primarily confers jurisdiction upon the district court, nor sections 9 and 10 thereof, which provide for a preliminary hearing before a justice of the peace, such as the petitioner had.

Holding the views expressed, it follows that the petition must be dismissed, and petitioner remanded to the custody of the sheriff.

It is so ordered.