ELMER H. SNYDER, APPELLANT, *v.* CLYDE A. GAR-RETT, OPAL H. GARRETT, CLINTON H. GAR-RETT, W. H. GOULD, BRUCE GOULD, WILD HORSE QUICKSILVER MINING COMPANY, A CORPORATION, AND RICHARD ROE, RESPONDENTS.

No. 3327

August 2, 1941. 115 P.(2d) 769.

(TABER, J., dissenting.)

*Douglas A. Busey* and *Springmeyer & Thompson*, all of Reno, for Appellant.

*A. L. Haight*, of Fallon, for Respondent Wild Horse Quicksilver Mining Co.

*M. A. Diskin* and *Chas. A. Cantwell*, both of Reno, Amici Curiæ.

## OPINION.

By the Court, DUCKER, C. J.:

Appellant brought this action to quiet title to a certain lode mining claim situate in Churchill County.

The respondent, Wild Horse Quicksilver Mining Company, a corporation, answered denying all the essential allegations of the complaint and set up a further defense by way of cross complaint and counterclaim. The court rendered judgment in favor of the mining company. Appellant's motion to add to and modify respondents' proposed findings of fact and conclusions of law was denied, and the court adopted and signed

the findings of fact submitted by respondents. A full, true and correct transcription by the official court reporter of all proceedings had and testimony given, was duly filed as a bill of exceptions. This appeal is from the judgment alone, no motion for a new trial having been made.

The first question presented by the assignment of error is whether the findings are supported by the evidence. Respondents contend that we cannot consider the evidence in the case because no motion for a new trial was made. Appellant insists that since the enactment of the new trials and appeals act, approved March 2, 1937 (Stats. of Nevada, 1937, c. 32, p. 53), no such procedure is necessary, but that an appeal may now be taken with or without moving for a new trial, and that a bill of exceptions embodying the evidence may be filed and considered by this court in either case. We considered the question of such importance that we appointed two prominent members of the state bar, as amici curiæ, who prepared and filed a brief on the question. The said act of 1937 repealed the new trials and appeals act of 1935, c. 90, in its entirety, but reenacted many provisions thereof. It also repealed a number of sections of the Nevada Compiled Laws relating to practice in civil cases, including section 8884. The latter section read:

"Where the appeal is based upon the ground that the evidence is insufficient to justify the verdict or decision of the court, or to support the findings, or upon alleged errors in ruling upon the evidence, or upon instructions claimed to be erroneous, a motion for a new trial must be made and determined before the appeal is taken. In all other cases the party aggrieved may appeal with or without first moving for a new trial; but by appealing without first moving for a new trial, the right to move for a new trial is waived."

The provisions of the latter section were substantially reenacted in section 9 of the act of 1935 but were omitted from that section in the act of 1937. Sections

12 and 34 of the later act are a reenactment of sections 12 and 34 of the 1935 act. They read respectively:

"Sec. 12. Upon an appeal from a judgment, the court may review the verdict or decision, and any intermediate ruling, proceeding, order or decision which involves an issue of law or the merits or which necessarily affects the judgment, or which substantially affects the rights of a party, which comes within the specifications of error and record on appeal or is embraced in the bill of exceptions. The provisions of this section do not authorize the court to review any decision or order from which an appeal might have been taken."

"Sec. 34. Bills of exceptions provided for by this act must be prepared, served, and filed, as herein provided, and not otherwise, and all errors relied upon which may have occurred during the proceedings or at the trial, or which may be alleged against the findings, or exceptions to the findings as made, and all errors based upon any ground for a new trial, may be included therein, and all such errors may be reviewed by the supreme court on appeal from the judgment or order denying or granting the motion for a new trial."

"Sec. 8. Any party aggrieved may appeal from the final judgment rendered in any action, case or proceeding prescribed in this act with or without first moving for a new trial."

"Sec. 9. Where a motion for a new trial is made, it must be based upon the causes or grounds, or either of them, designated in section 2 of this act, as causes or grounds for a new trial, and the notice of intention to move for a new trial, stating therein such causes or grounds intended to be relied upon, must be served by the unsuccessful party in the action or proceeding upon the prevailing party and filed as in this act prescribed."

Appellant stresses the omission of the provisions of said section 9 of the act of 1935 from the act of 1937, now in force, as convincing evidence of a legislative design to permit this court to consider the sufficiency of

the evidence to support the findings, decision of a court, or verdict of a jury, on an appeal from the judgment without the necessity of moving for a new trial. His counsel characterizes it as a new streamlined procedure and claims to be the promoter of the statutory scheme. Amici curiæ were not so sanguine of the soundness of this position. While reaching no definite conclusion they were of the opinion that a proper solution of the question was dependent largely upon the determination by this court of the applicability of the decision of the court in Neill v. Mikulich, 57 Nev. 307, 64 P.(2d) 612, 614, in view of the change in section 9 of the act of 1937. In that opinion sections 12 and 34 of the act of 1935 were definitely construed in connection with section 9, omitted from the act of 1937. As to section 12 the court said:

"From a reading of the last sentence of this section it is clear that the only way this court can consider the insufficiency of the evidence to justify the verdict, the rulings upon instructions, and other rulings enumerated in section 9 of the act, is for the aggrieved party to make his motion for a new trial and to appeal from an adverse ruling. The last sentence of section 12 clearly contemplates such procedure."

In reference to section 34, the court said: "That portion of section 34 which provides that 'all such errors may be reviewed by the supreme court on appeal from the judgment or order denying the motion for a new trial' must be construed to mean that an aggrieved person can appeal from the judgment only in cases in which a motion for a new trial may not be made, for if we hold otherwise the result would be to say that it is not necessary to file a motion for a new trial in any case. and the section itself contemplates the necessity of making such a motion in an appropriate case."

These sections, as we have seen, were reenacted in the act of 1937. The general rule in this regard may be thus stated:

"In the interpretation of reenacted statutes the court

will follow the construction which they received when previously in force. The legislature will be presumed to know the effect which such statutes originally had, and by reenactment to intend that they should again have the same effect." 2 Lewis' Sutherland Statutory Construction (2d ed.), sec. 403; Sessions v. Romadka, 145 U. S. 29, 42, 12 S. Ct. 799, 36 L. Ed. 609; Logan v. United States, 144 U. S. 263, 301, 12 S. Ct. 617, 36 L. Ed. 429.

This presumption must prevail unless a contrary intention is clearly made to appear from the language of the act. The Abbotsford, 98 U. S. 440, 25 L. Ed. 168; In re Li Po Tai, 108 Cal. 484, 41 P. 486; Board of Com'rs. v. Conner, 155 Ind. 484, 58 N. E. 828; Endlich Interp. St. secs. 367, 369; Black on Interp. Laws, 161, 162.

There is nothing in the change in the language of section 9 of the 1937 act from that of section 9 of the 1935 act to show it. The language of section 9 of the 1937 act merely affects the mode of making a motion for a new trial and notices thereof. The mere omission of the matter formerly found in section 9 does not, in our opinion, show an intention to change the procedure in the manner claimed by appellant.

A desire for greater conciseness or simplicity of language often accounts for the omission of words in subsequent enactments. If the legislature adopted sections 12 and 34 with the construction placed upon them by this court in Neill v. Mikulich, supra, then the language in section 9 of the act of 1935 was wholly unnecessary in the act of 1937 to effect the legislative purpose of those reenactments.

 The part as to the insufficiency of the evidence to justify the verdict or decision of the court, never was necessary to enforce such a rule. This language first appeared in section 386 of our former practice act effective January 1912, sec. 5328, R. L. Its inclusion in said section wrought no change in the practice, and, if our view is correct, neither did its exclusion in 1937.

It was merely an enactment of a rule of practice recognized and enforced by the decisions of this court from the earliest days of our civil jurisprudence. Whitmore v. Shiverick, 3 Nev. 288; Cooper v. Pacific Mutual Life Ins. Co., 7 Nev. 116, 8 Am. Rep. 705; James v. Goodenough, 7 Nev. 324; Conley v. Chedic, 7 Nev. 336; Beck v. Truckee Lodge, 18 Nev. 246, 2 P. 390; Burbank v. Rivers, 20 Nev. 81, 16 P. 430; State v. Sadler, 21 Nev. 13, 23 P. 799.

In Whitmore v. Shiverick, supra, the court said: "Our Practice Act was copied almost verbatim from the California Practice Act as it stood at the time ours was enacted. Under the California code of practice, the Supreme Court of that State had almost uniformly refused to review the facts of a case unless there had been a regular statement and motion for new trial."

In Burbank v. Rivers, supra, it was held that the rule had application in cases in equity, as in cases at law. The reason of the long established rule for requiring that a motion for a new trial be made, and passed upon, before a consideration of the evidence can be had, is, as stated in Giannotti v. De Bock, 47 Nev. 332, 221 P. 520, that the trial court may first have an opportunity to rectify an error, if one was made, without subjecting the parties to the expense and annoyance of an appeal. We may assume that the legislature in enacting the act of 1937 had full knowledge of the practice as it theretofore existed. It is therefore not reasonable to believe that if it intended such a radical change in the practice existing for almost three-quarters of a century, it would have resorted to explicit language to denote its intention. When the California legislature desired to make such a change in the practice existing over a long period of time, it did so in language of unmistakable import. Sec. 939, Code of Civ. Prac.; Hayne New Trial and Appeal, sec. 96.

We agree with the statement in the brief of amici curiæ "that it may readily be argued that the legislature has definitely accepted by reenacting sections 12

and 34, the interpretation previously placed thereon by this court and clearly intended that there should be no appeal with review of the evidence unless a motion for a new trial has been made in the trial court."

We think such argument is most logical and must prevail, as we consider the opinion in Neill v. Mikulich, supra, of controlling influence. The trial court committed no error in denying the motion to add to and modify the findings.

The findings support the judgment.

It should be and is affirmed.

ORR, J., I concur.

TABER, J., dissenting.

In construing and applying sections 12 and 34 of the 1935 new trials and appeals act this court, in the case of Neill v. Mikulich cited in the prevailing opinion, was influenced by the language of section 9 of the same act. A comparison of sections 8 and 9 of the 1937 new trials and appeals act with the corresponding sections (8 and 9) of the 1935 act shows, in my opinion, a definite intent on the part of the 1937 legislature to permit consideration by this court, on appeal from a judgment and without a motion for new trial having been made, of the question of the sufficiency of evidence to justify the decision of the trial court. The testimony and evidence must, of course, be brought to this court by bill of exceptions incorporated in the record on appeal, as was done in this case. Entertaining these views, I think the appellant is entitled to have his appeal considered on the merits.