IN THE MATTER OF THE APPLICATION OF JOHN JOSEPH SULLIVAN FOR A WRIT OF HABEAS CORPUS.

JOHN JOSEPH SULLIVAN, APPELLANT, v. C. W. YOUNG, SHERIFF OF WASHOE COUNTY, RESPONDENT.

No. 3849

March 16, 1955.                    280 P.2d 965.

*Samuelson and Johnson,* Reno, for Appellant.

*Harvey Dickerson,* Attorney General and *A. Dyer Jensen,* District Attorney Washoe County, for Respondent.

## O P I N I O N

By the Court, EATHER, J.:

This is an appeal from an order of the Second judicial district court of the State of Nevada in and for the county of Washoe, denying a writ of habeas corpus.

Following a preliminary hearing in the justice court of Reno Township the petitioner was held to answer on a charge of burglary. An information had been filed in the district court and the petitioner petitioned the court for a writ of habeas corpus, contending that he was committed without reasonable or probable cause.

The court below found that the only evidence at the preliminary hearing was the testimony offered by one Conrad Chapman; that this testimony, together with the information on file charging Chapman with the same offense, left no doubt that Chapman was an accomplice of the petitioner; that there was no evidence or testimony to corroborate the testimony of the accomplice.

The sole point involved in this appeal is the authority, as a matter of law, of a justice of the peace to bind over a defendant for trial before the district court when the only evidence presented at the preliminary, by the state, is the uncorroborated testimony of an accomplice.

Section 10978, N.C.L. 1929, precludes conviction of one charged with a public offense on the uncorroborated testimony of an accomplice. The statute provides:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

The petitioner bases his right to the granting of a writ of habeas corpus upon the case of In Re Oxley and Mulvaney, 38 Nev. 379, 149 P. 992. That case clearly holds that the statutory requirement that testimony of an accomplice be corroborated, applies not only to trial but to a preliminary hearing as well.

The state first contends that In Re Oxley and Mulvaney is distinguishable from the case at bar for the reason that in that case there were two preliminary hearings and the testimony at those hearings was inconsistent. The case cannot be distinguished upon that ground. This court there stated, "There is no corroboration whatever of the testimony given by the witness Madden, and the question is squarely presented whether the uncorroborated testimony of an accomplice can make out sufficient probable cause to support an order holding a defendant to answer." There can be little doubt that this question, so stated and so "squarely presented" was the question which the court intended to answer.

The state next contends that In Re Oxley and Mulvaney is bad law and is today contrary to the weight of authority and should therefore be re-examined.

This court has ever been reluctant to depart from the doctrine of stare decisis. Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617. By sec. 10978, N.C.L., the legislature has

established the policy of the state as to the quantum of proof required in certain instances before conviction may be had. By the Oxley and Mulvaney case this court has construed that expression of policy to apply as well to preliminary hearings. Such construction has remained the law of this state since 1915, undisturbed by legislative act. Under these circumstances, if re-examination is now to be had it should, we feel, be by legislative rather than judicial act. Jensen v. Reno Central Trades and Labor Council, 68 Nev. 269, 229 P.2d 908.

Reversed and remanded with instructions that the writ of habeas corpus issue as prayed and that petitioner be discharged from custody. Let remittitur issue forthwith.

MERRILL, C. J., and BADT, J., concur.