IN THE MATTER OF THE APPLICATION OF ROBERT O. HUTCHINSON FOR A WRIT OF HABEAS CORPUS.

No. 4371

December 16, 1960                    357 P.2d 589

*Gordon L. Hawkins* and *George M. Dickerson,* of Las Vegas, for Petitioner.

*Roger D. Foley,* Attorney General, *John F. Mendoza,* District Attorney, Clark County, and *John Spann,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MᴄNᴀᴍᴇᴇ, C. J.:

This is an original petition for a writ of habeas corpus.

A presentment was found against petitioner by the

grand jury of Clark County charging him with burglary in the first degree. Pursuant thereto petitioner was brought before the Honorable David Zenoff, Judge of the Eighth Judicial District Court, sitting as a magistrate, who proceeded to examine the charge contained in the presentment. From the evidence adduced, petitioner was bound over for trial.

The only question before us is whether or not sufficient evidence was presented to said magistrate to justify his action in holding petitioner to answer for the crime charged in the presentment.

Alfred E. Mazzucca testified that on March 29, 1957, he and petitioner Hutchinson were police officers of the city of Las Vegas. At about 11:00 p. m. of that particular day, he and Hutchinson checked out of the patrol car in which they had been riding, leaving the car at 1100 Fremont Street. They proceeded to the Wright-Marinello Beauty Salon located at 1106 Fremont Street. They shook the back door, slipped the lock[1] with a knife, the door opened, and they entered. They entered "to see what we could steal." Thereupon they took numerous articles consisting of cosmetics, towels, and two hair driers which they put in a suitcase found in the establishment.

Subsection 1 of NRS 175.265 provides:

"A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

It is conceded Mazzuca should be regarded as an accomplice.

In order to comply with said statute the following corroborating evidence was introduced.

Nellie Cornwell testified that on March 29, 1957 she was an employee of Wright-Marinello Beauty Salon

---

[1]"Well, there is certain types of doors that you can, with a pen knife, you can slide in between the latch and push it back, push the lock back into the door and the door will open."

located at 1106 Fremont. On that day she was taking inventory of the merchandise in the shop. On the following day she rechecked some of the merchandise and noticed articles missing, consisting of cosmetics, a hair drier, suitcase, scissors, etc.

"Q. After you called the police what did you do or what happened? A. Well, the police came and there was no sign of a disturbance, of breaking into the shop and how they could have gotten in only by picking the lock, that was the only sign.

"Q. Now, you stated that you and the policemen examined the shop, is that correct? A. Yes.

"Q. And you have also stated that you could find no evidence of breaking into the shop, is that correct? A. Yes."

Exhibit A in evidence is the burglary report given by Nellie Cornwell over her signature. In it, the following form questions and her answers thereto appear:

Type of Premises Entered: 1 story beauty salon.

Entered Through: Possibly rear door.

Instrument Used: Unknown.

Method Used to Gain Entrance (Broke Glass, Cut Screen, Broke Lock, Cut Made in Roof, etc.): Possibly door unlocked. No signs of entry made. Suspect possibly a key, and was an open door.

Sergeant Martin Boyce testified that he was dispatcher and desk sergeant for the Las Vegas Police Department on March 29, 1957. His work sheet or log showed that Mazzucca and Hutchinson worked together that evening and that the Wright-Marinello Beauty Salon was in their work district. The log disclosed that Mazzucca and Hutchinson checked out of their car in the vicinity of the beauty shop at 11:03 p. m. and checked back in at 11:23 p. m. This was usual procedure.

With only this evidence of corroboration the magistrate bound petitioner over for trial.

The only evidence of a burglary having been committed is the testimony of Mazzucca, and the only evidence that petitioner was involved in the commission

of a crime was likewise the testimony of Mazzucca. Nellie Cornwell's testimony and written report are totally devoid of a wrongful entry and at most would be evidence of a larceny. The testimony of Sergeant Boyce placed the petitioner at the scene of the alleged offense at a time corresponding with the testimony of Mazzucca, but both officers were in that vicinity in the performance of their ordinary police duties and not under any suspicious circumstances.

As there was no corroboration whatever of Mazzucca's testimony either connecting petitioner with the commission of any offense or that a burglary had been committed, the committing magistrate was without authority to bind over petitioner for trial. Ex Parte Sullivan, 71 Nev. 90, 280 P.2d 965; In Re Oxley and Mulvaney, 38 Nev. 379, 149 P. 992.

In Nevada the writ of habeas corpus will issue to the end that petitioner will not be compelled to undertake the burden of a trial where the evidence before the committing magistrate is legally insufficient to indicate that he is guilty of any offense. Eureka County Bank Habeas Corpus Cases, 35 Nev. 80, 126 P. 655, 129 P. 308.

The petitioner will stand discharged.

BADT and PIKE, JJ., concur.