THE STATE OF NEVADA, Appellant, v.
THOMAS D. WYATT, Respondent.

No. 5509

December 31, 1968          448 P.2d 827

*Harvey Dickerson,* Attorney General, of Carson City, and *Robert List,* District Attorney, Ormsby County, for Appellant.

*Martillaro and Bucchianeri,* of Carson City, and *Fry and Fry,* of Reno, for Respondent.

## OPINION

By the Court, Thompson, C. J.:

Wyatt was charged with producing an abortion in violation

of NRS 201.120. The abortee testified at the preliminary hearing, but her testimony was not corroborated. For this reason the district court subsequently granted Wyatt's petition for habeas corpus. The State has appealed from that ruling.

The issue presented to us centers upon the meaning to be given NRS 175.250 (now 175.301) which precludes conviction following a trial unless the testimony of the woman is corroborated by other evidence.[1] It is the State's contention that such corroborative evidence is required only at trial, and need not be offered at a preliminary hearing in order to establish probable cause to hold the accused for trial. The accused counters this contention by noting that this court has thrice ruled that the testimony of an accomplice must be corroborated at a preliminary hearing even though the statute requiring such corroboration (NRS 175.265, now 175.291) precludes only a "conviction" upon the uncorroborated testimony of an accomplice. Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589 (1960); Ex parte Sullivan, 71 Nev. 90, 280 P.2d 965 (1955); In re Oxley and Mulvaney, 38 Nev. 379, 149 P. 992 (1915). Thus, by a parity of reasoning he suggests that we should construe NRS 175.250 in similar fashion. We think that the analogy is sound.

The underlying purpose of a statute requiring corroborative evidence is to prevent false accusations as well as false convictions.[2] With this in mind, one accused of producing an abortion should be accorded as much protection at a preliminary hearing as one accused of some other crime on the uncorroborated testimony of an accomplice.

Affirmed.

COLLINS and ZENOFF, JJ., concur.

BATJER, J., dissenting:

I dissent. The opinion of the majority is a prime example of

---

[1]NRS 175.250 provides: "Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, or for inveigling, enticing or taking away any female of previous chaste character, for the purpose of prostitution, or aiding or assisting therein, the defendant shall not be convicted upon the testimony of the woman upon or with whom the offense shall have been committed, unless she is corroborated by other evidence."

[2]The quantum of corroborative evidence needed at a preliminary hearing is not before us and we express no opinion in this regard.

judicial legislation. The language of NRS 175.250 (now 175.-301)[1] is clear and unambiguous and is not susceptible to any judicial interpretation. That statute is a creature of the legislature and if its scope should be extended to include testimony at a preliminary hearing it is the prerogative of the legislature, not this court, to make the change.

The respondent was charged with the crime of abortion in violation of NRS 201.120. At the preliminary hearing the abortee testified for the prosecution, but her testimony was not corroborated. For that reason the district court granted the respondent's petition for habeas corpus. The state has appealed from that ruling. It is here conceded that the other testimony produced by the prosecution, at the preliminary hearing, did not corroborate the testimony of the abortee. The majority opinion in this case perpetuates the error of the district court.

In this state it has been clearly established that a preliminary hearing is not a trial. In the case of State v. Holt, 47 Nev. 233, 219 P. 557 (1923), this court said: "A preliminary hearing is not a trial. In the very nature of the situation it could not be. A justice of the peace has no jurisdiction to try one charged with a felony; he can only hold a preliminary hearing and determine if probable cause exists for holding defendant to answer." In Overton v. State, 78 Nev. 198 at 201, 370 P.2d 677 (1962), referring to preliminary hearings, it was stated: "A preliminary hearing is not a trial. The accused is neither convicted nor acquitted of the crime with which he is charged. The magistrate before whom the examination is held, determines only whether it appears that a public offense has been committed, and whether there is sufficient cause to believe the accused guilty thereof."

In holding that an abortee's testimony, at a preliminary hearing, must be corroborated, the district court relied on NRS 175.250 (now 175.301). The statute provides that upon a trial the defendant shall not be convicted on the testimony of the woman upon whom the offense shall have been committed unless she is corroborated by other evidence.

The intent of the legislature is clearly expressed in NRS 175.250 (now 175.301), when it used the words: "Upon a

---

[1]NRS 175.250. "Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, or for inveigling, enticing or taking away any female of previous chaste character, for the purpose of prostitution, or aiding or assisting therein, the defendant shall not be convicted upon the testimony of the woman upon or with whom the offense shall have been committed, unless she is corroborated by other evidence."

trial * * *." It could only refer to a trial and not to a preliminary hearing. The mention of one thing implies the exclusion of another is a general principle of statutory construction; *expressio unis est exclusio alterius*. State v. Baker, 8 Nev. 141 (1872); In re Bailey's Estate, 31 Nev. 377, 103 P. 232 (1909); Ex parte Arascada, 44 Nev. 30, 189 P. 619 (1920).

In support of their position the lower court and the majority of this court draw an analogy between an abortee and an accomplice and rely on Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589 (1960); Ex parte Sullivan, 71 Nev. 90, 280 P.2d 965 (1955); and In re Oxley and Mulvaney, 38 Nev. 379, 149 P. 922 (1915).

Those cases in construing NRS 175.265 (now 175.291) specifically refer to the testimony of an accomplice. They are not controlling, because here we are concerned with the uncorroborated testimony of an abortee.

Almost without exception the courts in this country have held that a woman upon whom an abortion has been produced is not an accomplice of the person performing the abortion. People v. Buffum, 256 P.2d 317 (Cal. 1953); State v. Tennyson, 2 N.W.2d 833, 139 A.L.R. 987 (Minn. 1942); People v. Blank, 29 N.E.2d 73 (N.Y. 1940).

This court is probably obligated under the rule of statutory construction and the doctrine of stare decisis to follow *Oxley* and require that the testimony of an accomplice be corroborated at a preliminary hearing, Snyder v. Garrett, 61 Nev. 85, 115 P.2d 769 (1941); Ex parte Sullivan, supra; Stocks v. Stocks, 64 Nev. 431, 183 P.2d 617 (1947). However, neither the rule of statutory construction nor the doctrine of stare decisis compels us to extend the questionable holding of *Oxley* to include the uncorroborated testimony of an abortee at a preliminary hearing.

At common law the uncorroborated testimony of an accomplice, if it satisfied the trier of facts of the guilt of the defendant beyond a reasonable doubt, was sufficient to support a conviction. Without the statutory limitations the uncorroborated testimony of an abortee would support a conviction for the crime of abortion. Fitch v. Commonwealth, 165 S.W.2d 558 (Ky. 1942); State v. Miller, 261 S.W.2d 103 (Mo. 1953); Smartt v. State, 80 S.W. 586 (Tenn. 1904).

When this court, in *Oxley*, adopted the holding in State v. Smith, 35 So. 42 (Ala. 1903), it committed two errors. It indulged in judicial legislation and it adopted a legal principle which had been erroneously applied.

Now the majority of this court compounds and extends those

errors into a new field by requiring that the testimony of an abortee must be corroborated at a preliminary hearing.

In State v. Smith, supra, the Alabama court ruled that the testimony to hold the prisoner must be sufficient to sustain a finding of guilt, stating: "The whole theory of holding accused persons to the grand jury is that the evidence before the examining magistrate or the judge on habeas corpus is sufficient to sustain a finding of guilt by a petit jury when he shall be indicted and brought to the bar of the court."

NRS 171.455 (now 171.206)[2] requires that the evidence show only probable cause to believe that the defendant committed the crime. The difference between proof of the defendant's guilt beyond a reasonable doubt and proof that there is sufficient cause to believe the defendant guilty of having committed the offense is obvious.

The holding in State v. Smith, supra, on its face, appears to be a case of judicial legislation, but whether the rule was correct or not under the statutes of Alabama it should not have been followed in *Oxley* because our statute required proof only of probable cause to believe the defendants had committed the offense, not proof of guilt beyond a reasonable doubt.

The effect of *Oxley* and its progeny, in applying an erroneous principle of law, is to require a higher degree of proof for holding a defendant upon a preliminary hearing than was ever intended by the legislature.

I am not alone in questioning the wisdom of this Court's ruling in *Oxley*. In the case of Ex parte Schwitalla, 172 P. 617 (Cal.App. 1918), that court said: "We are not prepared to concede, notwithstanding the holding made by the Supreme Court of Nevada in Ex parte Oxley, 38 Nev. 379, 149 P. 992, that the uncorroborated testimony of an accomplice may not be sufficient to establish probable cause. We think that it may be sufficient.

"While a defendant cannot be convicted upon the uncorroborated testimony of an accomplice, the testimony of an accomplice is admissible and is proper to be considered, and we think

---

[2]NRS 171.455. "If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must make or endorse on the depositions and statement an order signed by him to the following effect: 'It appearing to me by the within depositions and statement (if any) that the offense therein named (or any other offense according to the fact, stating generally the nature thereof) has been committed, and that there is sufficient cause to believe the within-named A. B. guilty thereof, I order that he be held to answer the same.'"

is sufficient to make it appear that there is a 'probability' that a defendant has been guilty of the offense charged against him."

Unless the expedient of judicial legislation is invoked, it is abundantly clear that, the applicable statutes do not require the testimony of an accomplice or an abortee to be corroborated at a preliminary hearing.

In People v. McRae, 187 P.2d 741 (Cal. 1947), the court said: "In restricting its prohibition to a conviction, section 1111[8] is in harmony with the principle that less evidence is required to support a determination of probable cause for a commitment than a determination of guilt for a conviction. It is settled that in determining that there is probable cause to hold a defendant, a magistrate is not bound by the rule that there must be no reasonable doubt as to the guilt of a defendant, and that he may commit a defendant, even though there may be doubt as to his guilt." See also Ex parte Schwitalla, 172 P. 617 (Cal.App. 1918); In re Tannenbaum, 252 P.2d 54 (Cal.App. 1953).

The principle of law enunciated in Ex parte Hutchinson, supra, that "In Nevada the writ of habeas corpus will issue to the end that petitioner will not be compelled to undertake the burden of a trial where the evidence before the committing magistrate is legally insufficient to indicate that he is guilty of any offense" is likewise invalid. It erroneously elevates the preliminary hearing to trial status and burdens the magistrate with the responsibility of finding a defendant guilty at that level when the statute only requires proof of probable cause to believe that the defendant has committed the offense charged.

The district court indicated that the abortee's testimony on direct, cross and redirect examination clearly established probable cause. It was error for that court to require that the abortee's testimony be corroborated at the preliminary hearing, and I would reverse its decision.

MOWBRAY, J., concurs in the dissent.

---

[8]The language of Section 1111 of the California Penal Code is substantially similar to NRS 175.265 (now 175.291).