133 Nev., Advance Opinion 53

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RURAL TELEPHONE COMPANY, Appellant, vs. PUBLIC UTILITIES COMMISSION OF NEVADA, AN ADMINISTRATIVE AGENCY OF THE STATE OF NEVADA, Respondent. | No. 69612  AUG 03 2017  |

Appeal from a district court order dismissing a petition for judicial review of a public utilities commission decision. First Judicial District Court, Carson City; James E. Wilson, Judge.

*Affirmed.*

Allison MacKenzie, Ltd., and Karen A. Peterson and Justin M. Townsend, Carson City,
for Appellant.

Public Utilities Commission of Nevada and Garrett C. Weir and Hayley A. Williamson, Carson City,
for Respondent.

BEFORE CHERRY, C.J., HARDESTY and PARRAGUIRRE, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this appeal, we consider whether, under NRS 703.373(6) or any inherent authority, the district court may extend the deadline for filing the opening brief in a petition for judicial review of a public utilities

17-25807

commission decision. We conclude that the district court lacks such authority.

Because the district court did not have authority to grant appellant Rural Telephone Company's request for an extension of time to file its opening memorandum of points and authorities, through statute or its inherent authority, we conclude that the district court acted within its discretion in dismissing the petition. Thus, we affirm.

*FACTS AND PROCEDURAL HISTORY*

Rural Telephone filed an application with respondent Public Utilities Commission of Nevada (PUCN) concerning, among other things, a change in its telephone service rates and charges. After an adverse ruling from the PUCN, Rural Telephone timely filed a petition for judicial review of the PUCN decision in the district court.

NRS 703.373(1) provides that "[a]ny party of record to a proceeding before the [PUCN] is entitled to judicial review of the final decision upon the exhaustion of all administrative remedies by the party of record seeking judicial review." Pursuant to NRS 703.373(6), "[a] petitioner who is seeking judicial review must serve and file a memorandum of points and authorities within 30 days after the [PUCN] gives written notice to the parties that the record of the proceeding under review has been filed with the court."

The deadline to file its opening memorandum of points and authorities was October 19, 2015, but on October 15, Rural Telephone asked the PUCN to stipulate to a 30-day extension. When the PUCN would only agree to a 10-day extension, Rural Telephone moved the court for a 30-day extension on October 16. The PUCN opposed the motion and sought dismissal of Rural Telephone's petition for failing to file its opening memorandum of points and authorities within the statutory time limit.

After further briefing, a request for submission was filed on November 13. Before the court ruled on the motions, Rural Telephone filed its opening memorandum of points and authorities on November 18, within the requested extended deadline. Nevertheless, on December 8, 2015, the district court entered an order denying the motion for an extension, striking the November 18 memorandum of points and authorities, and dismissing the petition. Rural Telephone appeals.

## DISCUSSION

Rural Telephone argues that because a district court has inherent authority to manage its own cases, the district court erred in determining it was statutorily prohibited from granting an extension of time for Rural Telephone to submit its opening memorandum of points and authorities. The PUCN argues that because the statutory language in NRS 703.373(6) creates a mandatory timeline intended by the Legislature to streamline and fast-track judicial review of the PUCN's decisions, the district court correctly held that it did not have the authority to extend the deadline for Rural Telephone to submit its opening memorandum of points and authorities.

*The district court lacked the authority to grant Rural Telephone an extension of time to file its opening memorandum of points and authorities*

Rural Telephone argues that the district court read the statutory language and legislative history of NRS 703.373 too narrowly and thereby erroneously deprived it of the right to judicial review. Rural Telephone further argues that the court's decision violates both the policy that actions should be adjudicated on the merits, and the separation of powers doctrine by upholding a legislative encroachment on the courts' power to administer justice.

The district court concluded that the term "must" in NRS 703.373(6), coupled with the legislative history and the Legislature's apparent intentional omission of any language authorizing a court to extend the time for filing briefs, meant that the court did not have authority to extend the deadline for filing an opening memorandum of points and authorities in an action seeking judicial review of a PUCN decision. We agree.

Statutory interpretation is a question of law that this court reviews de novo. *Gallagher v. City of Las Vegas*, 114 Nev. 595, 599, 959 P.2d 519, 521 (1998). "[W]hen the language of a statute is plain and unambiguous," the courts are not permitted to look beyond the statute itself when determining its meaning. *Banegas v. State Indus. Ins. Sys.*, 117 Nev. 222, 225, 19 P.3d 245, 247 (2001). "Whether statutory terms are plain or ambiguous depends both on the language used and on the context in which that language is used." *Simmons v. Briones*, 133 Nev., Adv. Op. 9, 390 P.3d 641, 644 (2017); *see also Banegas*, 117 Nev. at 229, 19 P.3d at 250 ("[W]ords within a statute must not be read in isolation, and statutes must be construed to give meaning to all of their parts and language within the context of the purpose of the legislation."). Finally, we must "not render any part of the statute meaningless," or read it in a way that "produce[s] absurd or unreasonable results." *Orion Portfolio Servs. 2, LLC v. Cty. of Clark ex rel. Univ. Med. Ctr. of S. Nev.*, 126 Nev. 397, 403, 245 P.3d 527, 531 (2010).

NRS 703.373 establishes the procedures for judicial review of a final PUCN decision, including specific deadlines for each stage of the judicial review process. The "[p]roceedings for review may be instituted by filing a petition for judicial review in the [d]istrict [c]ourt." NRS 703.373(2). "Copies of the petition for judicial review must be served upon the [PUCN]

and all other parties of record." NRS 703.373(3). Within 30 days of this service, the PUCN must "transmit to the reviewing court a certified copy of the entire record of the proceeding under review." NRS 703.373(5). "[W]ithin 30 days after the [PUCN] gives written notice to the parties that the record of the proceeding under review has been filed with the court," the "petitioner who is seeking judicial review must serve and file a memorandum of points and authorities." NRS 703.373(6).

This court follows the principle of statutory construction that "the mention of one thing implies the exclusion of another." *Sonia F. v. Eighth Judicial Dist. Court*, 125 Nev. 495, 499, 215 P.3d 705, 708 (2009) (quoting *State v. Wyatt*, 84 Nev. 731, 734, 448 P.2d 827, 829 (1968) (Batjer, J., dissenting)); *see also Ex parte Arascada*, 44 Nev. 30, 35, 189 P. 619, 620 (1920) ("[I]t is fair to assume that, when the [L]egislature enumerates certain instances in which an act or thing may be done, or when certain privileges may be enjoyed, it names all that it contemplates; otherwise what is the necessity of specifying any?"). In addition, "[s]tatutes should be read as a whole, so as not to render superfluous words or phrases or make provisions nugatory." *Clark Cty. v. S. Nev. Health Dist.*, 128 Nev. 651, 656, 289 P.3d 212, 215 (2012).

When read as a whole, it is clear that the various subsections of NRS 703.373 provide for both mandatory and discretionary action. Whereas NRS 703.373(3), (6), and (7) contain mandatory language for filing timelines, NRS 703.373(5) explicitly gives the district court power to vary the timeline for certain filings. *Compare* NRS 703.373(3) ("A petition for judicial review *must* be filed within 30 days after the final action by the [PUCN] . . . ." (emphasis added)), NRS 703.373(6) ("A petitioner who is seeking judicial review *must* serve and file a memorandum of points and

SUPREME COURT
OF
NEVADA



(O) 1947A

5

authorities within 30 days after the [PUCN] gives written notice . . . ." (emphasis added)), *and* NRS 703.373(7) ("The [PUCN] and any other respondents *shall* serve and file a reply memorandum of points and authorities within 30 days after service of the memorandum of points and authorities . . . ." (emphasis added)), *with* NRS 703.373(5) ("Within 30 days after the service of the petition for judicial review *or such time as is allowed by the court*," PUCN must provide a record of the proceeding (emphasis added)). Thus, it is fair to say that by using the mandatory language in NRS 703.373(6) and omitting any language allowing the district court discretion, a purpose of that statute is to preclude an extension of time for a petitioner to file its opening memorandum of points and authorities. *See, e.g.*, Hearing on A.B. 17 Before the Assembly Government Affairs Comm., 76th Leg. (Nev., February 9, 2011) (elaborating on the reasons behind the fast-track review of PUCN decisions).

The legislative purpose of NRS 703.373(6)'s mandatory language is further evident when compared with statutory language found in NRS Chapter 233B, Nevada's Administrative Procedure Act (APA). NRS 233B.133 provides the "[f]orm and deadlines for serving and filing memorandum of points and authorities" for judicial review of an administrative decision. In particular, "[a] petitioner . . . who is seeking judicial review *must* serve and file a memorandum of points and authorities within 40 days after the agency gives written notice . . . ." NRS 233B.133(1) (emphasis added). This mandatory language is nearly identical to NRS 703.373(6). But, unlike NRS 703.373, NRS 233B.133(6) provides that "[t]he court, for good cause, may extend the times allowed in this section for filing memoranda." No such authority to adjust timelines for filing a memorandum of points and authorities exists in NRS 703.373. And, under

SUPREME COURT
OF
NEVADA

(O) 1947A

NRS 233B.039(5)(d), the provisions of the APA expressly do not apply to "[t]he judicial review of decisions of the [PUCN]."

This court has recognized that, in the case of review of agency decisions, the operative statute vests the court with authority to adjust otherwise mandatory timelines. *Fitzpatrick v. State ex rel., Dep't of Commerce, Ins. Div.*, 107 Nev. 486, 488, 813 P.2d 1004, 1005 (1991) ("[I]f the petition for judicial review is timely filed, *NRS 233B.133 allows the district court* to accept a tardy memorandum of points and authorities in support of the petition." (emphasis added)); *see also Ex parte Ala. State Pers. Bd.*, 86 So. 3d 993, 995 (Ala. Civ. App. 2011) ("Appeals from [administrative-agency] decisions are purely statutory and the time periods provided by the statute must be strictly observed." (internal quotation marks omitted)).

Based on the foregoing, we conclude that NRS 703.373(6) precluded the district court from granting Rural Telephone's request for an extension of time to file its opening memorandum of points and authorities. To conclude otherwise would render other provisions of NRS 703.373 and the Legislature's intent to provide an expedited timeline for judicial review nugatory. *See S. Nev. Health Dist.*, 128 Nev. at 656, 289 P.3d at 215.

We further conclude that, although NRS Chapter 703 does not provide for the consequences for failure to timely file an opening brief under NRS 703.373(6), the district court acted within its discretion in striking Rural Telephone's memorandum of points and authorities and dismissing

the petition. *See Beggs v. Bd. of Educ. of Murphysboro Cmty. Unit Sch. Dist. No. 186*, 72 N.E.3d 288, 302 (Ill. 2016) ("[W]hether dismissal of plaintiff's complaint was proper depends on whether plaintiff strictly complied with the [statutory] requirements." (internal quotation marks omitted)); *Warren Vill., Inc. v. Bd. of Assessment Appeals*, 619 P.2d 60, 64 (Colo. 1980) ("It is within the discretion of the district court to dismiss an appeal from a state administrative agency action if the appellant has not complied with the statutory time limitations for filing briefs.")

We thus affirm the district court's order dismissing Rural Telephone's petition for judicial review.

_____, J.
Hardesty

We concur:

_____, C.J.
Cherry

_____, J.
Parraguirre