**Pearl WOODS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 1, 1971.

Rehearing Denied Dec. 3, 1971.

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellant, Pearl Woods, was convicted on July 15, 1970, in the Leslie Circuit Court of illegally transporting alcoholic beverages in local option territory and sentenced to one year in the penitentiary. From that judgment he prosecutes this appeal making four allegations of error in the trial court. We will discuss these in the order in which they are presented by his brief.

1. Improper introduction of evidence obtained as the result of illegal search.

2. It was improper for the trial court to admit into evidence two previous convictions for trafficking in illegal beverages.

3. Error of the trial court in failure to instruct the jury on the chronological order necessary for the previous convictions.

4. Failure of the court to set aside the swearing of the jury because one of its members was not properly qualified.

As to appellant's first contention—in order to discuss this contention, we will first have to give some facts of the case. On may 31, 1970, Bobby Franklin Dees, a detective with the Kentucky State Police, was traveling on Kentucky 80 away from Hazard about 5:30 in the morning, when he met appellant's pick-up truck coming toward Hazard. According to the officer's testimony, appellant was in the center of the road. The officer turned his car around, pursued appellant, and arrested him on the charge of reckless driving. Appellant was then placed in the police car. The officer went to the rear of appellant's truck in order to get his license number. In doing so, he saw a large tarpaulin stretched over a load in the truck. One corner of the tarpaulin had blown up and he observed two cases of Pabst Blue Ribbon beer. He got the appellant out of the car and pointed this out to him and later raised the tarpaulin and, upon doing so, discovered that the load consisted of 12 cases of Budweiser beer, 12 cases of Pabst Blue Ribbon beer, 4 cases of Weidemanns beer and 48 one-half pints of Colonel Lee whiskey. He testified that he was acquainted with appellant's reputation for trafficking in alcoholic beverages and that it was bad.

A wrecker was called to pick up the truck and appellant was taken to the courthouse where he was lodged in jail and charges placed against him for illegally transporting alcoholic beverages.

Appellant now contends that, since there was no trial on the charge of reckless driving (the charges are still pending), the stopping of the truck and the discovery of the alcoholic beverages constituted an illegal search. At the commencement of the trial, appellant made a motion to suppress this evidence because it was illegally obtained. The court granted a hearing out of the presence of the jury. Appellant's counsel made a short argument

for his contention but offered no evidence whatsoever. We held in Pendland and Bell v. Commonwealth, Ky., 463 S.W.2d 130, that where the transcript of testimony heard by the court out of the presence of the jury was not before this court we must presume the evidence supported the finding of the trial court and the search of the automobile did not violate the defendant's rights and evidence obtained as a result of the search was admissible in evidence. Here we have a situation where the defendant was given a hearing for the purpose of suppression and offered no evidence. We believe the same rule should be applicable. But, even if this were not true, had all of the facts later developed in the trial been before the court upon the hearing to suppress, we still believe the result would have been the same. In Commonwealth v. Hagan, Ky., 464 S.W.2d 261, we wrote:

"Once the officer approaches the automobile all that he observes at that time without benefit of a search warrant is admissible in evidence and can be taken into consideration at that time by the officer in determining whether or not he has probable cause to make an arrest. If, at that time, the officer believes that a misdemeanor has been committed in his presence on the basis of what he sees and hears, or if he believes that a felony has been committed and the person or persons whom he has stopped have committed it, he may place him or them under arrest and may forthwith proceed to search the automobile incident to the arrest. Here we would except traffic violations. We have long adhered to the rule that an arrest for a minor traffic violation does not justify a complete search. See Johnson v. Commonwealth, Ky., 443 S.W.2d 20."

From the foregoing we see nothing wrong with the arrest or the search. The old requirement that one must be tried on the charge for which he is stopped and convicted on that charge before being tried for the primary crime was overruled in Pennington v. Commonwealth, Ky., 429 S.W.2d 364. We believe this evidence was properly admitted.

 The next question concerns the admissibility of evidence concerning the previous convictions and the order of those convictions. The magistrate, who had custody of the books of the previous magistrate in office, presented this evidence from the record including the dates of the previous convictions. It appeared from the records that appellant had been convicted on April 1, 1967, and again on August 10, 1969, for illegally trafficking in alcoholic beverages. The records only indicated that he was fined on these occasions and was not given a jail sentence. He now contends that the convictions are illegal as the statute requires a jail sentence. We see no merit in this argument. The only question is whether the convictions were for offenses concerning alcoholic beverages. The testimony of the magistrate and the record clearly shows that they were. The record shows that appellant committed the third offense on May 31, 1971. He testified that he pleaded guilty to the first two charges and now contends that the trial court improperly instructed the jury concerning the first two charges because the proof does not show that the facts leading to the second conviction on August 10, 1969, were committed after the date of the first conviction on April 6, 1967.

 We do not believe his contention here has merit. It was pointed out in Baker v. Commonwealth, Ky., 465 S.W.2d 305, that prosecution for misdemeanors in Kentucky is barred unless commenced within one year after the commission of the offense. When one considers the passage of time between the first and second convictions, there is clear circumstantial evidence that the proper sequence of events is presented. See also Green v. Commonwealth, Ky., 413 S.W.2d 329. In any event, appellant did not object to the instructions on specific grounds that they did not require the necessary sequence of the commission and conviction of the first, second

**494**

and third offenses, nor did he specifically raise this in his motion and grounds for new trial. Therefore, they are waived. See RCr 9.54; Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 and Baker v. Commonwealth, supra.

Appellant's final contention is that one of the members of the jury, Dan Young, had previously been adjudged incompetent. This question is raised on a supplemental motion and grounds for new trial. Appellant does not show that the information shown on which this is based was not readily available at the time of the trial, if it was later on. There was no motion made during the trial to set aside the swearing of the jury. For this reason we believe the objection comes too late. In any event the date of the hearing in which the juror was adjudged incompetent was February 27, 1958. We do not believe this raises any presumption that the juror is now incompetent and unable to serve on the jury. We know of no statutory disqualification and appellant points us to none.

Judgment affirmed

All concur.