Robert HOWARD and Donald Ray Poteete,
Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1972.

———◆———

Charles E. Carter, Owenton, for appellants.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Justice.

This appeal is from a judgment finding the appellants guilty of the crime of breaking and entering a dwelling house of another and of having been twice previously convicted of felonies under the Habitual Criminal Act (KRS 431.190) under which they were each given a life sentence.

For a reversal, the appellants list the two following arguments: (1) "The verdict is not supported by sufficient evidence"; and (2) "the court erred in the instructions under the Habitual Criminal Act."

Appellants filed a joint brief. Their first argument, that the verdict is not supported by the evidence, is divided into two parts. Number one, they say that the evidence of an admitted accomplice is not supported by other evidence as required by RCr 9.62. Number two, the argument is made that the evidence that two previous crimes were committed by the appellants (separate crimes) is insufficient for failure of the Commonwealth to prove that the previous crimes were committed and convictions had thereon prior to the commission of the present crime and were progressive as required by our case law in Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728.

■ We first discuss number two. The dates shown having proved that the previous crimes were committed prior to the present crime, further proof to that effect was unnecessary.

■ Turning next to part number one of appellants' first argument, we hasten to say that as to appellant Poteete there was sufficient evidence to support the testimony of the accomplice by introduction into evidence of a pocket knife found in the possession of Poteete at the time of his arrest, which knife was positively identified by the victim of the crime.

■ A more serious question is presented as to the sufficiency of the evidence supporting the accomplice's testimony as it related to appellant Howard. That supporting evidence consisted of testimony of the officer who interviewed Poteete to the effect that Poteete told the investigating officer that appellant Howard was present when the crime was committed. Essentially, this evidence was not only hearsay, but it was that of another accomplice. Our RCr 9.62 requires that the testimony of an accomplice be "corroborated by *other* evidence tending to connect the defendant with the commission of the offense." This rule contemplates that such "other" evidence be that of someone other than that of an accomplice; otherwise, the rule would lose its meaning and purpose. This rule incorporates the substance of the Old Criminal Code 241 and 242. The effect of the rule was to lower the quality and credibility of evidence of a known and/or acknowledged felon. The rule had its roots in the Common Law.

Wigmore on Evidence, Volume VII, § 2059(a) has this to say on the question at hand:

"It is clear, as to the *testimonial source* of the corroboration, that it must be independent of the accomplice himself; it must rest on other than his credit. It is usually said that the testimony of *another accomplice* is not sufficient."

See also Blackburn v. Commonwealth, 12 Bush 181, 188 (1876), from which we quote:

"The only evidence before the jury tending to corroborate the testimony of

Trainer was that of his wife and of Goodson. Goodson was a confessed accomplice, and, according to Mr. Greenleaf, if two or more accomplices are produced as witnesses they are not deemed to corroborate each other."[1]

The testimony of the accomplice as to Howard is very convincing, and we have little doubt of his guilt. However, established rules of long standing, like all rules, must be followed. We hold that as to appellant Howard the evidence is insufficient to convict.

■ Finally, we reach appellants' second argument relating to the instructions. Appellants made a general objection to the instructions which was not sufficiently specific to call the attention of the trial court to the instruction here questioned. The claimed error may not be raised here. Fornash v. Commonwealth, Ky., 471 S.W. 2d 700 (1971), and Woods v. Commonwealth, Ky., 472 S.W.2d 491 (1971). In this connection, it is proper to note that appellants' counsel on this appeal did not participate on the trial of this case in the circuit court.

The judgment is affirmed as to appellant Poteete and reversed as to appellant Howard with directions to grant him a new trial not inconsistent with this opinion.

All concur.

---

1. See also 1 Greenleaf's Evidence, § 381.