FRANK LaPENA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10938

January 10, 1980                                                604 P.2d 811

*Bell, Leavitt & Green, Ctd.,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Ira H. Hecht,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

Frank LaPena appeals from his conviction, after a court trial, of second degree kidnaping and battery with the use of a deadly weapon. We consider several of appellant's assignments of error as meritorious, and we therefore reverse the judgment of conviction and remand for a new trial.

## THE FACTS

Around midnight on November 23, 1973, Willis Obenauer was abducted by two men as he returned to his apartment in Las Vegas. He was forced into his car at gunpoint, driven out into the desert, beaten, and shot once in each leg. The two men, Webb, the driver, and Weakland, the actual assailant, left Obenauer in the desert. They later abandoned his car, and made their way back to Las Vegas. Weakland and Webb were ultimately arrested in March, 1974, and incriminated appellant in their statements to police. LaPena was arrested and charged with the assault on Obenauer. At LaPena's preliminary hearing Webb and Weakland testified that LaPena had instigated and paid for the attack. We held, on appeal from denial of LaPena's petition for a writ of habeas corpus, that probable cause sufficient to hold him to answer had been shown. LaPena v. Sheriff, 91 Nev. 692, 541 P.2d 907 (1975).

At trial, testimony directly inculpating LaPena was given by Webb; but when Weakland was called, he testified that he had no recollection of the assault on Obenauer, of giving statements to the police, or of testifying at LaPena's preliminary hearing. The trial court thereupon ruled Weakland an unavailable witness, under NRS 51.055(1)(b), and admitted into evidence the transcript of Weakland's testimony at the preliminary examination and a videotape of a statement Weakland had given the police after plea negotiations over his own participation in the murder of Hilda Krause. *See* LaPena v. State, 92 Nev. 1, 544 P.2d 1187 (1976). Appellant presented an alibi defense: several of his former neighbors testified that on the night of the assault on Obenauer, when Webb and Weakland testified that LaPena had pointed out the victim at the hotel where both men worked, LaPena had been at home. The trial court found appellant guilty; this appeal ensued.

## THE SUFFICIENCY OF THE EVIDENCE

Appellant contends that insufficient evidence of his participation in the conspiracy to assault Obenauer was presented to permit the introduction of Webb's and Weakland's extrajudicial statements under the coconspirator exception to the hearsay rule. NRS 51.035(3)(e). We do not agree. The independent evidence necessary to show the existence of a conspiracy need only be slight, Goldsmith v. Sheriff, 85 Nev. 295, 454 P.2d 86 (1969), although it must be independent of the extrajudicial statements sought to be admitted, Fish v. State, 92 Nev. 272, 549 P.2d 338 (1976); Goldsmith v. Sheriff, 85 Nev. at

305, 454 P.2d at 92. In this case, evidence of the conspiracy was supplied by the direct testimony at trial of Webb, one of the conspirators; this is clearly evidence independent of the conspirators' extrajudicial statements. United States v. Hedge, 462 F.2d 220 (5th Cir. 1972); Laughlin v. United States, 385 F.2d 287 (D.C.Cir.), *cert. denied,* 390 U.S. 1003 (1967). We therefore perceive no error in the admission of Webb's and Weakland's statements to third parties under the coconspirator exception.

Appellant also asserts that insufficient evidence to corroborate the testimony of the accomplices as to his involvement in the offense was adduced at trial to comply with the requirements of NRS 175.291.[1] With this contention, we must agree. The State asserts that the issue of corroboration is concluded by this Court's decision in LaPena v. Sheriff, 91 Nev. 692, 541 P.2d 907 (1975), in which we found that probable cause existed to hold LaPena for trial. The corroborated evidence at the preliminary hearing established that LaPena disliked Obenauer, that he was associated with Weakland, and that neither Weakland nor Webb had any personal motive for the assault. In the context of showing probable cause, that was sufficient.

At trial, however, explanatory evidence was adduced. It was shown that Obenauer was disliked by his subordinates at work generally, not only by LaPena. Bordeaux, Webb's girlfriend, testified that she had originally understood from Webb that the assault on Obenauer was being made at the request of Weakland's brother; and that she had heard the name Frank only in February, 1974, when Webb cautioned her to forget the name Frank. Hodges, Weakland's ex-wife, testified that she had seen Weakland and LaPena together; that she had received money from LaPena for delivery to Weakland in February, 1974; and that she had returned a pair of lead-weighted gloves to LaPena, at Weakland's request, near the end of January, 1974. This is part of the same evidence which we found sufficient to hold LaPena for trial for the murder of Hilda Krause, which occurred on January 14, 1974, and in which Weakland was again the actual perpetrator. LaPena v. State, 92 Nev. at 5, 11, 544 P.2d at 1189, 1193. As far as the *corroborated* testimony of Webb and Weakland casts any suspicion on appellant, it seems

---

[1] NRS 175.291(1) provides: "A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof."

to be in regard to the Krause murder rather than the Obenauer assault. It is unclear even from the testimony of Webb whether the lead-weighted gloves were actually used in the attack on Obenauer, while they do seem to have been used in the Krause murder. *Id.* at 4, 544 P.2d at 1189. We have held that the corroboration requirement demands more than evidence which "casts a grave suspicion on the defendant," Eckert v. State, 91 Nev. 183, 186, 533 P.2d 468, 471 (1975) (citations omitted). In the circumstances of this case, we find that no evidence, independent of the testimony or extrajudicial statements of the accomplices, is present which "tends to connect" appellant with the commission of the instant offense.

## WEAKLAND'S TESTIMONY

The trial court ruled Weakland unavailable as a witness because he was "[p]ersistent in refusing to testify," NRS 51.055(1)(b), and admitted his preliminary hearing testimony under the former testimony exception to the hearsay rule, NRS 51.325. We note that the admissibility of preliminary hearing testimony in later proceedings is governed by NRS 171.198(7), which provides, in pertinent part, that such testimony may be used as substantive evidence in a criminal trial only "when the witness is sick, out of the state, dead, or when his personal attendance cannot be had in court." This statute, dealing specifically with the subject at issue, prevails over the general evidence code provision, *see* W.R. Co. v. City of Reno, 63 Nev. 330, 172 P.2d 158 (1946). On remand, therefore, the trial court should test the admissibility of Weakland's preliminary hearing testimony as a substitute for his live testimony under NRS 171.198(7).

It was drawn to our attention at oral argument that the accomplice Weakland has been tried and convicted of perjury (in the Eighth Judicial District Court, Case No. C37651) in connection with testimony he gave in the Krause murder trial, a matter closely related to the instant case. We prefer to have the district court deal in the first instance with any questions raised by the conviction of Weakland in light of Mesarosh v. United States, 352 U.S. 1 (1956) and United States v. Basurto, 497 F.2d 781 (9th Cir. 1974).

The judgment of the district court is reversed and the cause is remanded for a new trial.

THOMPSON, GUNDERSON, MANOUKIAN, AND BATJER, JJ., concur.