SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.*
TERRY GORDON, Respondent.

No. 12398

February 21, 1980                                    606 P.2d 533

*Richard H. Bryan,* Attorney General, Carson City; *Robert
J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy
District Attorney, Clark County, for Appellant.

*Alan B. Andrews,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The Clark County Grand Jury returned an indictment charg-
ing respondent Terry Gordon with pandering, a felony. *See*
NRS 201.300.[1] Gordon subsequently petitioned the district

---

[1]NRS 201.300 provides in part:

"1.  Any person who:

"(a) Induces, persuades, encourages, inveigles, entices or compels a person
to become a prostitute or to continue to engage in prostitution . . . is guilty of
pandering. . . ."

court for a writ of habeas corpus contending, among other things, that the indictment was not supported by sufficient evidence because the incriminating testimony lacked required corroboration. The district court agreed and granted the petition. This appeal followed.

Testimony upon which the indictment was based was provided by Sara Blair, a prostitute, and her husband, Carl. Sara and Carl testified that they initiated a meeting with Gordon in order to seek advice on improving "our business."[2] Gordon allegedly agreed to "[set her] up in the escort business" in exchange for a percentage of the fees Sara would receive for the services she provided as a prostitute.

The indictment charged Gordon with inveigling or enticing Sara to become, or continue to be, a prostitute. In his petition, Gordon argued that the indictment must be dismissed because Sara's testimony was not corroborated as required by NRS 175.301,[3] and Carl's testimony was not corroborated as required by NRS 175.291.[4] The state conceded that the testimony of Carl, who would be an accomplice of Gordon under the facts of this case, required corroboration under NRS 175.291, but argued that his testimony was in fact corroborated by Sara's. We do not agree.

Gordon may not be tried on the pandering charge if the indictment is supported only by the uncorroborated testimony of Sara, the person upon whom the offense was allegedly committed, State v. Wyatt, 84 Nev. 731, 448 P.2d 827 (1968), or the uncorroborated accomplice testimony of Carl. Ex Parte Hutchinson, 76 Nev. 478, 357 P.2d 589 (1960). Nor may the indictment be sustained by the combined testimony of Sara and Carl. Witnesses whose testimony requires corroboration may not

---

[2] Carl regularly assisted Sara in her prostitution activities by driving her to and from her appointments.

[3] NRS 175.301 provides in part:
"Upon a trial for . . . inveigling, enticing or taking away any person for the purpose of prostitution, or aiding or assisting therein, the defendant shall not be convicted upon the testimony of the person upon or with whom the offense has allegedly been committed, unless the testimony of that person is corroborated by other evidence."

[4] NRS 175.291 provides:
"1. A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.
"2. An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

corroborate each other. *See* LaPena v. State, 92 Nev. 1, 13, 544 P.2d 1187, 1195 (1976) (GUNDERSON, C. J., dissenting). *See also* People v. Tewksbury, 544 P.2d 1335 (Cal. 1976), *appeal dismissed,* 429 U.S. 805 (1976); Howard v. Commonwealth, 487 S.W.2d 689 (Ky. 1972); People v. Chamberlain, 329 N.Y.S.2d 61 (Sup.Ct.App.Div. 1972); Commonwealth v. Jones, 247 A.2d 624 (Pa.Super. 1968). *But see* People v. Martinez, 531 P.2d 964 (Colo. 1975); Jones v. State, 218 S.E.2d 899 (Ga. 1975).

Accordingly, since the incriminating testimony supporting the indictment lacked the necessary corroboration, the district court properly granted Gordon's habeas petition. *Cf.* LaPena v. State, 96 Nev. 43, 604 P.2d 811 (1980); LaPena v. Sheriff, 91 Nev. 692, 541 P.2d 907 (1975).

Affirmed.