SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. HEIDI HORNER, aka HEIDI HORNER SANTANA, Respondent.

No. 12363

March 28, 1980 · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 608 P.2d 1106

[Rehearing denied May 22, 1980]

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Appellant.

*Embry & Shaner,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The Clark County Grand Jury returned an indictment charging Heidi Horner with pandering and living from earnings of a prostitute. NRS 201.300[1] and NRS 201.320.[2] Horner subsequently petitioned the district court for a writ of habeas corpus contending that the indictment was not supported by sufficient evidence because, among other things, the incriminating testimony lacked required corroboration. The district court agreed and granted the petition. This appeal followed.

Testimony upon which the indictment was based was provided by Sara Blair, a prostitute, and her husband Carl. Sara and Carl testified that they entered into an arrangement with Heidi Horner whereby respondent would direct Sara to men willing to pay for sexual services. Sara would perform sexual acts with these men for a fee and then split the fee received with Heidi Horner.

Heidi Horner may not be tried on the pandering charge if the

---

[1]NRS 201.300 provides in part:

"1. Any person who:

"(a) Induces, persuades, encourages, inveigles, entices or compels a person to become a prostitute or to continue to engage in prostitution . . . is guilty of pandering."

[2]NRS 201.320 provides in part:

"1. Any person who shall knowingly accept, receive, levy or appropriate any money or other valuable thing, without consideration, from the proceeds of any women engaged in prostitution, shall be punished by imprisonment. . . ."

314

indictment is supported only by the testimony of Sara and Carl, because witnesses whose testimony requires corroboration may not corroborate each other. Sheriff v. Gordon, 96 Nev. 205, 606 P.2d 533 (1980). *See* NRS 175.301[3] and NRS 175.291[4]

Sara's testimony as to the charge of living from the earnings of a prostitute, however, requires no corroboration because NRS 175.301 is inapplicable to NRS 201.320. *See* Johnson v. State, 501 P.2d 762 (Alaska 1972); State v. McCowan, 280 P.2d 976 (Or. 1955). Furthermore, Sara cannot be tried under NRS 201.320; her testimony, therefore, is not that of an accomplice requiring corroboration under NRS 175.291. *See* State v. McCowan, *supra,* State v. Hargon, 470 P.2d 383 (Or.App. 1970).

The order of the district court granting Heidi Horner a pretrial writ of habeas corpus is affirmed as to the pandering charge. That portion of the writ granting habeas corpus on the charge of living from the earnings of a prostitute is reversed.

---

[3]NRS 175.301 provides in part:

"Upon a trial for . . . inveigling, enticing or taking away any person for the purpose of prostitution, or aiding or assisting therein, the defendant shall not be convicted upon the testimony of the person upon or with whom the offense has allegedly been committed, unless the testimony of that person is corroborated by other evidence."

[4]NRS 175.291 provides:

"1. A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.

"2. An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."