SHERIFF, CLARK COUNTY, NEVADA, Appellant,
v. LEON HILLIARD, Respondent.

No. 12440

April 9, 1980                               608 P.2d 1111

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Gregory C. Diamond,* Deputy District Attorney, Clark County, for Appellant.

*Bell, Leavitt & Green,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The Clark County Grand Jury returned an indictment charging Leon Hilliard with pandering, a felony under NRS 201.300.[1] Hilliard subsequently petitioned the district court for a writ of habeas corpus contending that the indictment was not supported by sufficient evidence because, among other things, the incriminating testimony lacked required corroboration. The district court agreed and granted the petition. This appeal followed.

Testimony upon which the indictment was based was provided by Sherry L. Richardson, an undercover police officer. Richardson testified that Hilliard approached her at the bar of the El Cortez Hotel and asked if she would work for him as a prostitute. In addition to Richardson's testimony, a second police officer testified that he knew Hilliard to be a pimp, observed Richardson's conversation with Hilliard, and arrested Hilliard upon a prearranged signal from Richardson at the conclusion of that conversation.

Richardson's testimony required corroboration. NRS 175.301.[2] Sheriff v. Horner, 96 Nev. 312, 608 P.2d 1106 (1980);

---

[1] NRS 201.300 provides in part:

"1. Any person who:

"(a) Induces, persuades, encourages, inveigles, entices or compels a person to become a prostitute or to continue to engage in prostitution . . . is guilty of pandering."

[2] NRS 175.301 provides in part:

"Upon a trial for . . . inveigling, enticing or taking away any person for the purpose of prostitution, or aiding or assisting therein, the defendant shall not be convicted upon the testimony of the person upon or with whom the offense has allegedly been committed, unless the testimony of that person is corroborated by other evidence."

State v. Wyatt, 84 Nev. 731, 448 P.2d 827 (1968). The proper standard by which to determine whether there was adequate corroboration under NRS 175.301 is the same as the standard used to test corroboration of accomplice testimony. Johnson v. State, 501 P.2d 762 (Alaska 1972). We have previously articulated that standard in Austin v. State, 87 Nev. 578, 491 P.2d 724 (1971). We held there that the sufficiency of corroborative evidence should be measured after eliminating the evidence which requires corroboration. After such elimination, corroborative evidence is sufficient if it tends to connect the defendant with the offense, and is insufficient if it merely casts a grave suspicion upon the accused. *Id.*

When the testimony of Richardson is eliminated there is no inculpatory evidence which in itself tends to connect Hilliard with encouraging Richardson to become, or to continue as, a prostitute. Testimony by the second officer that Richardson was engaged in conversation with Hilliard is not, in itself, inculpatory and therefore is insufficient corroboration. *See* Austin v. State, *supra;* Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589 (1960). Richardson's testimony, therefore, was not corroborated as required.

Accordingly, the order of the district court granting Hilliard's pre-trial petition for writ of habeas corpus must be affirmed.