Shearing, C. J.,
dissenting:
I would reverse the judgments of the conviction and remand the case for a new trial on the basis of the introduction of evidence at trial in violation of NRS 171.198(6)(b).
I do not agree that this court should overrule La Pena v. State, 96 Nev. 43, 604 P.2d 811 (1980), and Lemberes v. State, 97 Nev. 492, 634 P.2d 1219 (1981). NRS 171.198(6)(b) sets forth with specificity the requirements for admitting preliminary hearing testimony as substantive evidence at a subsequent criminal trial. The legislature has stated that the testimony is admissible “when the witness is sick, out of state, dead, or persistent in refusing to testify despite an order of the judge to do so, or when his personal attendance cannot be had in court.” NRS 171.198(6)(b).
If preliminary hearing testimony is to be allowed under additional circumstances than those listed in NRS 171.198(6)(b), the legislature should be the one to set forth those additional circumstances. This court is not the proper body to change the statute. I do not see the policy reason for not admitting preliminary hearing testimony in this case when the witness at trial invokes his Fifth Amendment rights under the United States Constitution. However, we should not overturn the policy set by the legislature and approved by a line of our own cases. If change is to be made, it should be made by the legislature.